John J. Dillon, S.
The executors have instituted this independent proceeding for permission to sell a parcel of real property. The property in question constitutes the sole remaining asset of the trust created under Article “ third ” of the testator’s will. The present application is occasioned by reason of the following direction contained in Article “third”: in no event shall my place located at 956 Orchard Street, Peeks-kill, New York, be sold or disposed of, mortgaged or otherwise encumbered during the life of the trust herein created; it being my intention that this property shall remain in the trust estate until the death of the two beneficiaries for which it is created.”
The real property consists of a plot 50 by 150 feet and erected thereon is a two story two-family frame dwelling and a two-car garage. The improvements are in a great state of disrepair and require extensive renovation. As previously indicated there are no assets in the trust with which to pay for the necessary *953 repairs and neither the income beneficiary nor anyone interested in the trust have sufficient assets with which to pay for such repairs.
In Matter of Pulitzer (139 Misc. 575, affd. 237 App. Div. 808) Surrogate Foley, in resolving an analagous dilemma, stated at page 579 that “ The law, in the case of necessity, reads into the will an implied power of sale. The law also assumes that a testator has sufficient foresight to realize that securities bequeathed to a trustee may become so unproductive or so diminished in value as to authorize their sale where extraordinary circumstances develop, or a crisis occurs.”
After carefully considering all of the factors herein the court determines that the sale of the real property is in the best interest of all parties concerned and is necessary in order to preserve the assets of the trust.
Accordingly, the application for authority to sell such real property and for the approval of the proposed contract of sale is granted.
Submit decree.